OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Bard Huntsman appeals the June 5, 2003 Judgment Entry of the Stark County Court of Common Pleas, which affirmed defendant-appellee Ohio State Board of Education's Order revoking his teaching certificates.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} In 1997, a Stark County jury convicted Huntsman, a junior high science teacher and basketball coach with the Perry Local School District, of one count gross sexual imposition, a felony of the fourth degree; four counts of disseminating matter harmful to juveniles, felonies of the fourth degree; and one count of disseminating matter harmful to juveniles, a felony of the fifth degree. The charges arose after a police investigation uncovered Huntsman entertained students at his home, where he permitted the students to watch pornographic movies, provided the students with alcohol, and sexually molested several of the students.
{¶ 3} On February 11, 1998, the Ohio Department of Education ("ODE") sent Huntsman notice of the Ohio State Board of Education's ("State Board") resolution of intent to suspend, revoke or limit and to automatically suspend Huntsman's teaching certificate pursuant R.C. 3319.311. On February 24, 1998, pursuant to R.C. Chapter 119, Huntsman, through his former attorney, Anthony DioGuardi II ("DioGuardi'), requested, and was granted, a hearing. However, on July 27, 1999, Huntsman and the State Board entered into an agreement pursuant to which Huntsman's teaching certificate was voluntarily suspended and the hearing was continued during the pendency of the appeal of his criminal convictions.
{¶ 4} On December 8, 1998, this Court vacated Huntsman's convictions and remanded the matter to the Stark County Court of Common Pleas. State v. Huntsman (Dec. 7, 1998), Stark App. No. 98-CA-0012, unreported. This Court vacated the convictions on statute of limitations grounds, finding "the trial court should have dismissed the counts pertaining to Brian Daniska, which allegedly occurred in 1983 through 1984, being the second count of the second indictment. However, we agree the acts alleged were part of a course of conduct culminating in sexual abuse of a juvenile, and for this reason, * * * the trial court properly refused to dismiss the other counts." Id. On January 7, 1999, DioGuardi advised ODE of the decision and proposed a continuation of the agreement between Huntsman and the State Board pending final disposition of the criminal matter.
{¶ 5} Upon remand, on August 13, 1999, the Stark County Court of Common Pleas found Huntsman guilty of two counts of contributing to the unruliness or delinquency of a child, in violation of R.C. 2919.14. On January 19, 2000, DioGuardi sent a letter to ODE indicating Huntsman's 1999 conviction was on appeal. After referencing his January 7, 1999 letter, he wrote: "Upon receipt of a decision, I will advise accordingly."
{¶ 6} In September and October 2000, while Huntsman's appeal was pending, he attended two meetings of the Perry Local School District Board of Education and asked to go into executive session to inquire about his employment status. On November 15, 2000, DioGuardi sent a letter to the Perry Local School District Board of Education on Huntsman's behalf, seeking information "whether or not there is any position available for [Huntsman] at this time."
{¶ 7} Subsequently, on December 5, 2000, ODE sent a correspondence to Huntsman. In the letter, ODE refers to the July, 1998 Agreement between Huntsman and the State Board, then continues, "Our evidence indicates you violated that agreement in 2000 by seeking employment with Perry Local School District. ODE advised Huntsman the State Board intended to suspend, revoke or limit his teaching certificates. Huntsman requested a hearing, which was originally scheduled for October 17-18, 2001, but was rescheduled until December 13-14, 2001, due to DioGuardi's having a prior commitment.
{¶ 8} On September 26, 2001, the Ohio Supreme Court denied Huntsman's motion for reconsideration of the denial of his discretionary appeal, State v. Huntsman (2001),93 Ohio St.3d 1436, which exhausted Huntsman's appeals from his criminal conviction. By this time, DioGuardi was no longer representing Huntsman.
{¶ 9} Huntsman obtained new counsel, William Steele ("Steele"), on October 6, 2001. On November 19, 2001, Steele sought a continuance of the December 13-14, 2001 hearing, which ODE opposed, and the Hearing Officer denied. Steele renewed his request for a continuance on December 6, 2001. That same day, ODE opposed the request. The Hearing Officer denied Huntsman's request and the hearing proceeded as scheduled.
{¶ 10} Following the hearing, Huntsman filed a motion to dismiss, which the Hearing Officer denied. On April 9, 2002, the Hearing Officer issued a report and recommendation, finding Huntsman sexually abused two students, provided alcohol and sexually explicit books and movies to minors, allowed at least one student to view sexually-oriented websites on the school computer, and brutalized at least two students. The Hearing Officer concluded Huntsman's conduct was criminal, immoral and unbecoming to the position of a teacher under R.C. 3319.31(B)(1), and recommended his permanent elementary teaching certificate be revoked.
{¶ 11} After a May, 2002 meeting, the State Board remanded the case to the Hearing Officer for an opinion on whether the recommendation should extend to Huntsman's eight-year teaching certificate as well as his permanent certificate. On June 14, 2002, the Hearing Officer issued another report and recommendation, which found Huntsman and his attorney were aware the State Board was taking action relative to both of his teaching certificates, and which concluded Huntsman's eight-year certificate should also be revoked.
{¶ 12} On July 9, 2002, the State Board adopted a Resolution revoking Huntsman's 1993 eight-year elementary certificate and his permanent teaching certificate. On August 7, 2002, Huntsman filed a Notice of Appeal pursuant to R.C. 119.12 in the Stark County Court of Common Pleas. Huntsman filed an Affidavit Requesting Disqualification of Judge Lee Sinclair with the Ohio Supreme Court on October 18, 2002. Judge Sinclair had presided over the criminal matter. Via Judgment Entry filed March 27, 2003, Judge Charles Brown, the Administrative Judge of the Stark County Court of Common Pleas, transferred the case from Judge Sinclair to Judge John Haas. Via Entry dated April 2, 2003, the Ohio Supreme Court acknowledged Judge Sinclair's recusal and the reassignment to Judge Haas.
{¶ 13} The parties filed their respective briefs. Via Judgment Entry filed June 5, 2003, the trial court affirmed the State Board's decision to revoke Huntsman's teaching certificates, finding said decision was supported by reliable, probative and substantial evidence and was in accordance with law. It is from this Judgment Entry Huntsman appeals, raising the following assignments of error:
{¶ 14} "I. The stark county court of common pleas erred in transfering [sic] the case to another judge prior to a ruling FROM THE SUPREME COURT.
{¶ 15} "II. The court of common pleas committed an abuse of discretion by failing to abide by the specific requirement of revised code of ohio, Section 119.12 and local gen. rule 21, which mandates that a hearing be held on an appeal from an order of an administrative agency.
{¶ 16} "III. The common pleas court committed an abuse of discretion by failing to review all breifs [sic] timely filed for the record.
{¶ 17} "IV. The stark county common pleas court erred when it failed to find that the order of the state board of education was not in accordance with law because R.C. 3319.31 and R.C. 3319.311
require action of that state board of education to initiate a certificate revocation proceeding.
{¶ 18} "V. The stark county common pleas court erred when it failed to find that the state board education order was not in accordance with law by violating due process clause of the U.S. and ohio constitutions and revised code 119.06, 119.07,3319.311(e) and 3319.31.
{¶ 19} "VI. The court erred in concluding that the state board's revocation of mr. huntsman teaching certificates after remand was in accordance with the law.
{¶ 20} "VII. The court erred in failing to find that the hearing officer abused his discretion in denying a reasonable continuance, thereby denying huntsman due process and a full and adequate legal defense.
{¶ 21} "VIII. The court erred in ruling the state board of education did not err and abuse their discretion by allowing a hearing under Chapter 119. O.R.C. not in accordance to an agreement.
{¶ 22} "IX. The common pleas court and hearing examiner committed plain prejudicial error by admitting the former testimony, of nick davis, tim pearch, and bronson young who failed to appear at the hearing, and denying the huntsman his right to confront his accuser's as guaranteed by thesixth amendment to the constitution of the united states.
{¶ 23} "X. The Common Pleas Court and hearing examiner committed plain prejudicial error by admitting the entire no contest plea as evidence."
 I
{¶ 24} In his first assignment of error, Huntsman asserts the trial court erred in transferring the case to another judge prior to receiving a ruling from the Ohio Supreme Court. We disagree.
{¶ 25} On August 7, 2002, Huntsman filed his notice of appeal in the Stark County Court of Common Pleas. On September 12, 2002, Judge Sinclair, who had been assigned to the case, issued a briefing schedule. After Huntsman and ODE filed their respective briefs, Huntsman filed an affidavit with the Ohio Supreme Court, requesting Judge Sinclair be disqualified from the case. Judge Sinclair subsequently recused himself from the civil action and requested the administrative judge to reassign the case on March 27, 2003. The administrative judge reassigned the case to Judge Haas. Judge Haas ultimately issued a final ruling in the matter.
{¶ 26} Under the rules of Superintendents for Courts of Ohio, an administrative judge has "full responsibility and control over the administration, docket, and calendar of the court." Ohio Sup. R. 4(B). Furthermore, under the guidelines for assignment of judges issued by the Ohio Supreme Court, the administrative judge is required to "attempt to arrange for another sitting judge of [the particular] court to perform the duties of * * * the recused judge" before requesting the Chief Justice assign a judge from another court. We find Judge Brown, the administrative judge of the Stark County Court of Common Pleas, was well within his power to reassign this matter to Judge Haas. Furthermore, Huntsman, having failed to object to the reassignment, has waived his right to assert any error therein. See, Burger v. Burger (1981),3 Ohio App.3d 125, 130.
{¶ 27} Huntsman's first assignment of error is overruled.
 II
{¶ 28} In his second assignment of error, Huntsman maintains the trial court erred in failing to conduct a hearing as required by R.C. 119.12 and Local Rule 21. We disagree.
{¶ 29} R.C. 119.12 provides:
{¶ 30} "The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing, counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence." (Emphasis added).
{¶ 31} Stark County Court of Common Pleas Local Rule 21.02 provides:
{¶ 32} "Upon expiration of the time for filing the brief as set forth in Section 21.01 above, the case will be considered submitted on briefs unless oral argument is requested in writing and granted by the Judge to whom the appeal is assigned."
{¶ 33} A review of the record reveals Huntsman did not request oral arguments in the matter. Because Huntsman failed to file a written request for oral arguments and the trial court had the authority to conduct a non oral hearing, we find Huntsman's second assignment of error to be without merit.
 III
{¶ 34} In his third assignment of error, Huntsman submits the trial court abused its discretion in failing to review all timely filed briefs. Specifically, Huntsman takes issue with the trial court's statement in its June 5, 2003 Judgment Entry "Huntsman did not file a reply."
{¶ 35} Although we find the trial court erred in commenting Huntsman had not filed a reply brief when, in fact, he had timely done so, we find such error to be harmless as Huntsman's reply brief did not raise any new arguments and because the trial court had sufficient evidence from which it could reach its decision.
{¶ 36} Huntsman's third assignment of error is overruled.
 IV
{¶ 37} Herein, Huntsman takes issue with the trial court's failure to find the State Board's Order was not in accordance with law. Specifically, Huntsman maintains the December 5, 2000 letter of intent initiated a new revocation proceeding which required the State Board to pass a certification revocation resolution pursuant to R.C. 3319.31 and 3319.311. We disagree.
{¶ 38} Via Resolution dated October 14, 1999, the State Board delegated to the State Superintendent the authority to initiate administrative action by providing notice as required by R.C. 3313.311(C). The notice sent by the State Superintendent must conform with the requirements of R.C. 119.07.
{¶ 39} Huntsman has not challenged the content of the December 5, 2000 intent letter. The State Superintendent is the "executive and administrative officer of the State Board and its administration of all educational matters and functions placed under its management and control," including those authorized by statute. R.C. 3301.11. Further, the State Board is authorized to "delegate to the superintendent of public instruction the management and administration of any function imposed on it by law." Thus, the General Assembly has provided the State Board with authority to have the State Superintendent carry out daily responsibilities without the need for formal resolution. The State Board ultimately has the final authority for determining the appropriate sanctions. Accordingly, we find no error in the actions of the State Superintendent.
{¶ 40} Furthermore, Huntsman has not cited to this Court where in the record he objected to the broadened scope of the hearing. Having failed to do so, Huntsman has waived any right to raise error on appeal.
{¶ 41} Huntsman's fourth assignment of error is overruled.
 V
{¶ 42} In his fifth assignment of error, Huntsman contends the trial court erred in failing to find the State Board's Order did not violate his due process rights.
{¶ 43} Huntsman submits pursuant to the July, 1998 agreement between himself and the State Board, the State Board was required to reconsider its original action within four weeks of receiving notice of the vacation of his convictions in Case Nos. 1997CR1055 and 1153. On December 7, 1998, this Court vacated Huntsman's convictions and remanded the matter to the Stark County Court of Common Pleas. On January 7, 1999, counsel for Huntsman notified ODE of the appellate decision. According to Huntsman, at that point, the State Board should have reconsidered its original action within four weeks. The State Board took no action until December 5, 2000.
{¶ 44} Assuming, arguendo, this Court's vacation of Huntsman's original convictions triggered termination of the July, 1998 agreement between Huntsman and the State Board, when Huntsman's attorney sent his January 7, 1999 letter advising ODE of the decision and also proposed a continuation of the agreement pending final disposition of the criminal matter, Huntsman became bound by it. Accordingly, we find Huntsman's due process rights were not violated.
{¶ 45} Huntsman's fifth assignment of error is overruled.
 VI
{¶ 46} In his sixth assignment of error, Huntsman asserts the trial court in concluding the State Board's revocation of his eight year teaching certificate was in accordance with the law.
{¶ 47} When the hearing examiner issued his April 9, 2000 report, he recommended the revocation of Huntsman's permanent elementary teaching certificate, which was issued in 1995, but did not address Huntsman's eight year certificate, which was issued in 1993. The State Board subsequently remanded the case to the hearing officer for an opinion as to whether the April 9, 2002 report should include both certificates held by Huntsman. The hearing officer modified his report and recommendation, concluding the revocation should apply to both certificates. Huntsman submits he was not afforded an opportunity to request a hearing relative to the eight year certificate. We find the record belies Huntsman's assertions. At the December 13, 2001 hearing, counsel for ODE stated the hearing concerns both of Huntsman's certificates. Tr. at 42. Huntsman did not object. In modifying his report and recommendation the hearing officer noted this fact as well a statement by Huntsman's counsel during a June 13, 2002 telephone conference, in which counsel indicated he understood the matter concerned both of Huntsman's certificates.
{¶ 48} Furthermore, with the voluminous evidence which both parties presented at the December 13, and 14, 2001 hearing, we find it difficult to perceive of any additional evidence Huntsman could have presented relative to the eight year certificate.
{¶ 49} Huntsman's sixth assignment of error is overruled.
 VII
{¶ 50} In his seventh assignment of error, Huntsman argues the trial court erred in failing to find the hearing officer abused his discretion in denying Huntsman's request for a continuance.
{¶ 51} The original hearing was scheduled for October 17 and 18, 2001. On September 4, 2001, Huntsman's then counsel notified ODE he was unavailable on these dates and needed a continuance.
{¶ 52} The parties agreed to reschedule the hearing for December 13, and 14, 2001. In early October, 2001, ODE learned Huntsman was represented by new counsel. Some six weeks later on November 19, 2001, Huntsman requested a continuance of the December hearing dates. The hearing officer denied the continuance on November 28, 2001, finding the case had been pending for almost a year and Huntsman had been represented by counsel since November 15, 2000. On December 6, 2001, Huntsman renewed his motion for a continuance, which the hearing officer orally denied. Given the timing of the request for the motion for continuance, we find the trial court did not err in failing to find the hearing officer abused his discretion.
{¶ 53} Huntsman's seventh assignment of error is overruled
 VIII
{¶ 54} In his eighth assignment of error, Huntsman maintains the trial court erred in not finding ODE either erred or abused its discretion by proceeding with a R.C. 119 hearing which was not in accordance with the parties' July 27, 1998 agreement. For the reasons set forth in assignment of error five, we overrule Huntsman's eighth assignment of error.
 IX
{¶ 55} In his ninth assignment of error, Huntsman contends the trial court and the hearing officer erred in admitting the former testimony of three witnesses who failed to appear at the hearing, thereby denying Huntsman his rights under the Confrontation Clause of United States Constitution. Specifically, Huntsman takes issue with the State Board's use of the testimony of three witnesses from his criminal trial. Huntsman submits the State Board improperly applied Evid. R. 804(B)(1).
{¶ 56} Initially, we note the Rules of Evidence do not apply in administrative hearings. Further, we find Huntsman was not denied his constitutional rights under the Confrontation Clause. Huntsman had the opportunity to cross examine these witnesses at his criminal trial. We find he would have had a stronger motive during the cross examination at the criminal trial to discredit these witnesses than during his revocation hearing.
{¶ 57} Interestingly, although Huntsman argues the criminal trial testimony is unreliable, he himself relied upon testimony from the criminal trial in support of his position at the administrative hearing.
{¶ 58} Huntsman's ninth assignment of error is overruled.
 X
{¶ 59} In his final assignment of error, Huntsman contends the trial court and hearing officer erred in admitting into evidence his no contest plea to two counts of contributing to unruliness or delinquency of a child. Huntsman submits the admission of the plea was so prejudicial it affected the outcome of the proceedings. Huntsman argues Crim. R. 11 precludes the admission of a no contest plea in subsequent civil or criminal proceedings against a defendant. Neither the Rules of Criminal Procedure nor the Ohio Rules of Evidence strictly apply to administrative proceedings under R.C. 119. Jones v. State Med. Bd. of Ohio
(May 7, 1981), 4th App. No. 1451, unreported; Bd. ofEducation v. Cuyahoga Cty. Bd. of Revision (1996),74 Ohio St.3d 415, 417.
{¶ 60} Huntsman's tenth assignment of error is overruled.
{¶ 61} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Huntsman.