ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} The relator, Anna Boles-El, has filed a complaint for a writ of mandamus. Boles-El seeks an order from this court which requires the respondents, the Cleveland Municipal School District, Barbara Byrd-Bennett (Chief Executive Officer of the Cleveland Municipal School District), Omega Brown (Director of Human Resources for the Cleveland Municipal School District), and Mary Lou Prescott (Union Representative of the Cleveland Teacher's Union and member of the Local Professional Development Committee) to "restore petitioner at the salary level which she is entitled with increments, replace the pension she was forced to spend, restore any other benefit, enforce her right to appeal the decision of the LPDC [Local Professional Development Committee] and to conduct the hearing under the authority of an independent arbitrator." The respondents have filed motions to dismiss Boles-El's complaint for a writ of mandamus, which we grant for the following reasons.
 {¶ 2} Based upon the briefs, affidavit, and exhibits as filed by the parties, the following facts are deemed pertinent to our judgment and opinion. In 1996, the state legislature passed Senate Bill 230 which amended the requirements for teaching within the State of Ohio. S.B. 230 replaced the requirement of a teaching certificate with an educator license. The adoption of a licensure program also created new professional development requirements which included submission, by the teacher, of an individual professional development plan to a Local Professional Development Committee created by each school district. See R.C.3319.22(B)(2)(c)(1). In an effort to ease the transition to a licensure program, teachers with an expiring four-year teaching certificate were permitted to apply for an eight-year teaching certificate. See R.C. 3319.222.
 {¶ 3} In 2002, Boles-El possessed a four-year teaching certificate, issued by the State Board of Education, and was employed by the Cleveland Municipal School District. The four-year teaching certificate, which allowed Boles-El to teach special education classes for students with learning disabilities, or severe behavioral or developmental handicaps, was effective September 1, 1998, and expired on June 30, 2002. On March 14, 2002, the Executive Director for Employee Services of the Cleveland Municipal School District, Carol Hauser, sent Boles-El a letter which reminded her that the existing teaching certificate was to expire on June 30, 2002 and that the State Board of Education had adopted new licensure renewal provisions. On July 12, 2002, Debra L. Burke, Manager of Employee Services for the Cleveland Municipal School District, sent a second letter to Boles-El which indicated that her teaching certificate had expired and that renewal material needed to be filed immediately with the State Board of Education. In August 2002, Boles-El submitted an application for an eight-year teaching certificate with the State Board of Education. The State Board of Education rejected Boles-El's application for an eight-year teaching certificate.
 {¶ 4} Unaware that Boles-El had failed to renew her teaching certificate, the Cleveland Municipal School District allowed her to teach until February 2003 at which time she requested a leave of absence. Upon return from her leave of absence, it was discovered that Boles-El possessed no current teaching certificate which prevented her resuming the position of a full-time teacher. On March 19, 2003, Boles-El submitted a professional development plan to the Local Professional Development Committee of the Cleveland Municipal School District. On March 31, 2003, prior to the meeting scheduled with the Local Professional Developmental Committee, Boles-El submitted her resignation, which was accepted by the Cleveland Municipal School District on April 8, 2003. On March 17, 2005, Boles-El filed her complaint for a writ of mandamus.
 {¶ 5} In order for this court to issue a writ of mandamus, Boles-El must demonstrate that: 1) she possesses a clear legal right to the relief requested; 2) the respondents possess a clear legal duty to perform the requested acts; and 3) she possesses or possessed no plain and adequate remedy in the ordinary course of the law. State ex rel. Bardo v. Lyndhurst (1988),37 Ohio St.3d 106, 524 N.E.2d 447; State ex rel. Westchester Estates, Inc. v.Bacon (1980), 61 Ohio St.2d 42, 399 N.E.2d 81; State ex rel.Harris v. Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641. Additionally, mandamus cannot be used as a substitute for an appeal. State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 295 N.E.2d 659; State ex rel. Overmeyer v. Walinski (1966),8 Ohio St.2d 23, 222 N.E.2d 312.
 {¶ 6} Herein, Boles-El has failed to establish each prong of the aforesaid three-part test. Through her complaint for a writ of mandamus, Boles-El argues that the actions or inactions of the respondents have resulted in the loss of her teaching certificate, the loss of three years' income, and the loss of pension benefits. Specifically, Boles-El argues that the respondents "failed to educate and or assist the petitioner to the existence, procedure, timelines or any provision set forth by law in [R.C.] 3319.22 * * * they failed to inform the petitioner of the appeals process that is part of [R.C.] 3319.22 when the respondents reneged on their earlier decision of October 2001 and denied renewal of her certificate per the decision made by the LPDC in March of 2003."
 {¶ 7} Initially, we find that none of the respondents possesses any authority to issue a teaching certificate to Boles-El. The State Department of Education administers and issues teaching certificates. See R.C. 3319.30 It must also be noted that maintaining certification falls squarely upon the shoulders of the teacher seeking recertification, not upon the respondents. Carter v. Princeton Board of Education (Nov. 18, 1981), Hamilton County Court of Appeals Case No. C-800891. Boles-El has also failed to establish that the respondents possessed a duty to consider her individual professional development plan since she submitted a letter of resignation prior to the meeting that was scheduled with the Local Professional Development Committee. R.C. 3319.22.
 {¶ 8} In addition, Boles-El possesses or possessed adequate remedies at law. Pursuant to Section 3301-24-08(F) of the Ohio Administrative Code, Boles-El was permitted to "apply directly to the Ohio Department of Education for renewal" of the teaching certificate or educator license. Boles-El also was permitted to request grievance arbitration, based upon a claim that the respondents had acted improperly vis-a-vis the individual professional development plan process, as permitted by the collective bargaining agreement in effect with the Cleveland Municipal School District in 2002 and 2003. Cf. State ex rel.Kabert v. Shaker Hts. City School Dist. Bd. of Edn.,78 Ohio St.3d 37, 1997-Ohio-242, 676 N.E.2d 101; State ex rel. AthensCty. Bd. of County Commrs v. Bd. of Directors.,75 Ohio St.3d 611, 1996-Ohio-68, 665 N.E.2d 202; State ex rel. Johnson v.Cleveland Heights/Univ. Hts. School District Bd. of Edn.,73 Ohio St.3d 189, 1995-Ohio-17, 652 N.E.2d 750.
 {¶ 9} Accordingly, we find that Boles-El has failed to establish each prong of the three-part test which must be met in order for this court to issue a writ of mandamus. Boles-El has failed to establish that she possesses any rights or that the respondents possess any duties which mandate that it issue a teaching certificate or educator's license to her or require re-employment as a school teacher. Boles-El possesses or possessed adequate remedies at law with regard to obtaining a teaching certificate or an educator license. Hunt v. WestlakeCity School Dist. Bd. of Edn. (1996), 114 Ohio App.3d 563,683 N.E.2d 803.
 {¶ 10} Accordingly, we grant the motions to dismiss filed by the respondents. Costs to Boles-El. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
Cooney, P.J., concurs.
 Gallagher, J., concurs.