[Cite as *Dziengelewski v. Knox Cty. Bd. of Edn.*, 2014-Ohio-2282.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nicole L. Dziengelewski, | : | |
| Appellant-Appellant, | : | |
| | : | **No. 13AP-612** |
| v. | : | (C.P.C. No. 13CVF-03-2296) |
| Knox County Board of Education et al., | : | **(REGULAR CALENDAR)** |
| Appellees-Appellees. | : | |

---

## D E C I S I O N

### Rendered on May 29, 2014

---

*John T. Ryerson*, for appellant.

*McGown & Markling Co., L.P.A., Matthew John Markling, Sean Koran*, and *Patrick Vrobel*, for appellee Knox County Board of Education.

*Michael DeWine*, Attorney General, and *David E. Lefton*, for appellee Ohio Department of Job and Family Services.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Nicole L. Dziengelewski, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("UCRC") denying appellant unemployment compensation benefits. Because the decision of the UCRC is not unlawful, unreasonable, or against the manifest weight of the evidence, we affirm.

**Facts and Procedural History**

{¶ 2} Appellant was employed by appellee, Knox County Board of Education ("Knox County"), as a pre-school special education teacher beginning in August 2009. A

special education license was required for this position. At the time she was hired, appellant had a temporary special education license but understood that she was required to obtain a permanent special education license to retain her position.

{¶ 3} Appellant's temporary special education license expired on June 30, 2012, and it could not be renewed. Prior to the expiration, appellant attempted to obtain a permanent special education license by taking the required examination. Appellant took the examination three times but failed to pass before her temporary license expired. Knox County discharged appellant from her position because she was no longer licensed as a special education teacher. Appellant was also interested in a regular teaching position with Knox County that did not require a special education license. However, Knox County did not have any regular teaching positions open at that time.

{¶ 4} Following her discharge, appellant filed for unemployment compensation benefits. Those benefits were denied by the UCRC because it determined after a hearing that Knox County discharged appellant for just cause. The trial court affirmed that determination.

{¶ 5} Appellant appeals assigning the following error:

> The Court below erred in failing to set aside the decision of the Unemployment Compensation Review Board denying Appellant her benefits.

**Standard of Review**

{¶ 6} Appellant brings this appeal pursuant to R.C. 4141.282(A). R.C. 4141.282(H) governs judicial review of decisions of the UCRC. It provides as follows:

> The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

{¶ 7} A reviewing court, which includes both a common pleas court as well as a court of appeals, may reverse a "just cause" determination of the UCRC only if it is "unlawful, unreasonable, or against the manifest weight of the evidence." *James v. Ohio State Unemployment Review Comm.*, 10th Dist. No. 08AP-976, 2009-Ohio-5120, ¶ 8, citing *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694 (1995),

paragraph one of the syllabus. A reviewing court should defer to the UCRC's factual determinations and it is not permitted to substitute its judgment for that of the UCRC. *Id.* The duty of the courts is to determine whether the evidence in the record supports the decision of the UCRC and whether that determination applies the correct legal standard. *Id.*, citing *Dublin v. Clark*, 10th Dist. No. 05AP-431, 2005-Ohio-5926, ¶ 20.

**Just Cause Discharge**

{¶ 8} The purpose of the Unemployment Compensation Act is to provide financial assistance to persons without employment through no fault of their own. *Id.* at ¶ 10, citing *Salzl v. Gibson Greeting Cards, Inc.*, 61 Ohio St.2d 35, 39 (1980). R.C. 4141.29 establishes the criteria for eligibility for unemployment compensation benefits. No individual may be paid benefits if the individual has been discharged for just cause in connection with the individual's work. R.C. 4141.29(D)(2)(a); *James* at ¶ 10.

{¶ 9} " 'Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' " *Irvine v. Unemployment Comp. Bd. of Review*, 19 Ohio St.3d 15, 17 (1985), quoting *Peyton v. Sun T.V.*, 44 Ohio App.2d 10, 12 (10th Dist.1975). Therefore, in the context of a discharge from employment, "just cause" is the type of conduct that an ordinary, intelligent person would regard as a justifiable reason for discharging an employee. *James* at ¶ 11. Whether "just cause" exists depends upon the unique facts of each case. *Irvine* at 17.

{¶ 10} Fault of the employee is an essential component of a just cause termination. If an employer has been reasonable in finding fault of the part of the employee, the employer may discharge the employee with just cause. *James* at ¶ 14, citing *Tzangas*. However, there is a distinction between the degree of fault required on the part of the employee to justify a denial of unemployment benefits and the grounds required for discharge. *James* at ¶ 12. The "just cause" sufficient to justify the discharge of an employee need not be as grave as the "just cause" required to disqualify a discharged employee from receiving unemployment compensation under R.C. 4141.29. *James* at ¶ 13, citing *Dean v. Miami Valley Hosp., Inc.* (Feb. 22, 1988), 2d Dist. No. 10391, ¶ 12.

{¶ 11} The Unemployment Compensation Act was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own. *Tzangas* at

697, citing *Irvine* at ¶ 17. "The Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." *Tzangas* at 697-98.

{¶ 12} Unsuitability for a position constitutes fault sufficient to support a just cause termination and the denial of unemployment compensation benefits. *James* at ¶ 15. In *Tzangas*, the Supreme Court of Ohio set forth a four-part test for determining whether an employee's unsuitability to perform the required work constitutes fault sufficient to deny unemployment compensation benefits. An employer may properly find an employee unsuitable, and therefore, at fault when: (1) the employee does not perform the required work; (2) the employer made its expectations known at the time of hiring; (3) the expectations were reasonable; and (4) the requirements of the job did not change since the date of the original hiring for that position. *Tzangas* at 698.

{¶ 13} In her assignment of error, appellant contends that the trial court erred in failing to set aside the decision of the UCRC which denied her unemployment compensation benefits. Appellant makes two arguments in support of her assignment of error. First, appellant contends that she was not discharged for just cause because the manner of her discharge violated Knox County's written policy (i.e. she did not receive written notice of her termination and she had no opportunity to respond). Second, appellant contends that she was not discharged for just cause because she would have been hired for a regular pre-school teaching position, for which she was licensed, if such a position had been open. We find both arguments unpersuasive.

{¶ 14} Appellant does not dispute that she needed a special education license to be employed as a pre-school special education teacher. Appellant also does not dispute that she did not have a special education license when she was discharged from that position. Nevertheless, appellant argues that because the manner of her discharge allegedly violated a Knox County policy, she was not discharged for just cause. We disagree. Courts have routinely held that a teacher who has allowed his or her license to lapse has no right to continued employment in the school district irrespective of his or her contract status. *Gibbs v. Greenfield Exempted Village School Dist. Bd. of Edn.*, 4th Dist. No.

01CA8 (Dec. 24, 2001); *Huntsman v. Perry Local School Dist. Bd. of Edn.*, 5th Dist. No. 2004CA00347, 2005-Ohio-3294, ¶ 27 (board not permitted to retain teacher when teaching certificate revoked). Moreover, maintaining certification falls squarely upon the shoulders of the teacher. *Boles-El v. Cleveland Mun. School Dist.*, 8th Dist. No. 86136, 2005-Ohio-4286, ¶ 7.

{¶ 15} Because appellant lacked the license required for her continued employment as a pre-school special education teacher, she could not perform the required work and was no longer suitable for the position. The record reflects that appellant knew when she was hired that she needed a special education license for this position. Requiring a special education teaching license for a special education teaching position is not unreasonable because it is a legal requirement. Appellant's failure to obtain the license required for the position constitutes fault sufficient to support a just cause discharge. *Tzangas* at 698-99.

{¶ 16} Appellant's argument that she was not discharged for just cause because she would have been hired as a regular pre-school teacher if such a position had been available is misplaced. Appellant's suitability for a different position has no relevancy to whether appellant's discharge from a special education teaching position due to the lapse of her license was for just cause. As pointed out by Knox County, appellant was not discharged from a regular pre-school teaching position. Therefore, this argument is meritless.

{¶ 17} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

————————