WHITE, APPELLEE, *v.* KENT ET AL., APPELLANTS.

(No. C-860520—Decided March 30, 1988.)

*David J. Boyd,* for appellee.
*Lindhorst & Driedame* and *Jay R. Langenbahn,* for appellants.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court.

Plaintiff-appellee Debbie White ("White") was considering the purchase of a new car in November 1984. White, accompanied by her sister and her mother, met with a salesman of Joseph Chevrolet, Jeffrey Kent (collectively, "appellants"). White explained that she was interested in a Chevrolet Cavalier station wagon with certain optional equipment.

No vehicle meeting White's specification was available at appellants' place of business, but Kent suggested that he might be able to find a suitable car using a computerized automobile "locator" and to have the

car brought to his lot. After some negotiations, a "deal" was arranged whereby White agreed to pay about $235 per month for the car. An exact price could not be determined because the particular car which White selected had not yet been delivered to appellants. Eventually, White purchased the car.

After she examined the paperwork on the car, it became obvious to White that $2,000 had been added to the sticker price of the automobile. Appellants' explanation for this additional amount was that White's trade-in was also increased by $2,000 in order to give White some "equity" in the new car to make financing easier. As the $2,000 increase over the sticker price was completely offset by the $2,000 increase on the value of the trade-in, appellants contended that the price of the new car to White was unchanged from what she had agreed upon.

White was not satisfied with this explanation because she understood the transaction differently. White believed that she was initially going to receive additional value for her old car rather than a reduction in the sticker price of the new car. Therefore, according to White, the additional $2,000 increase in the value of the trade-in should ultimately have been deducted from the original sticker price of the new car.

Subsequently, White filed suit in the Hamilton County Municipal Court under the Ohio Consumer Sales Practices Act, R.C. Chapter 1345. After a trial by jury, a verdict was returned in favor of White. Actual damages were found to be $3,100, and they were trebled pursuant to the statute to $9,300. Further, attorney fees were awarded in the amount $1,500 for a total judgment in the amount of $10,800.

Appellants have assigned three errors to the trial court in this timely appeal. The first and second assignments of error are interdependent and will be considered together:

First assignment of error:

"The trial court erred to the prejudice of the appellant [*sic*] by submitting the issue of treble damages to the jury."

Second assignment of error:

"The jury verdict is prejudicial to the appellant [*sic*] in that it is against the manifest weight of the evidence."

It is clear from the complaint that an unfair consumer practice was alleged against appellants and, therefore, if the judgment is not against the manifest weight of the evidence, then the trial court properly submitted the question of treble damages to the jury. Accordingly, the result of the second assignment of error may well be determinative on the first assignment of error.

In the trial of a civil suit it has been long established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, syllabus. We hold that the evidence fully supports the jury's finding of an unfair consumer practice.

At trial, White, her sister and her mother all testified that the $2,000 increase in the value of White's trade-in was in lieu of a reduction in the sticker price of the new car. While White argues that numerous unfair and unconscionable consumer practices were committed, we think it is sufficient to note that the statute specifically states that it is an unfair consumer practice for a supplier to indicate that "a specific price advantage exists, if it does not." R.C. 1345.02(B)(8). If the jury believed White and her witnesses,

then it could have found that both Kent, the salesman, and Gary Cunningham, the finance manager, told White that a price advantage existed when it did not. The testimony was competent and not incredible.

Appellants argued strongly, both at trial and in oral argument before us, that the deal as described by White would not have made economic sense because the dealership would have sold the new car for less than what it cost it, and that White would have received more than she paid for her trade-in after driving it for about two years and putting about fourteen thousand additional miles on the odometer.

Certainly the jury did not have to find that the dealership was planning on losing money. All that was necessary was that the jury believed that White was told of a price which was not the true price. The jury could have thought that appellants never had any intention of actually selling the car for the amount they told White, but rather that they intended to increase the purchase price from the beginning of the negotiations. The jury was completely free to believe all, part or none of what any witness said. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. Accordingly the jury's verdict was not inconsistent with the manifest weight of the evidence, and the trial court did not err in submitting the issue of treble damages to the jury. The first and second assignments of error are overruled.

In the third assignment of error, appellants claim that the trial court erred in overruling their motion for judgment notwithstanding the verdict or for a new trial. In both the memorandum in support of the motion to the trial court and their appellate brief to this court, appellants incorporate their arguments from the first and second assignments of error. For the reasons expressed in the forego-

ing, we overrule the third assignment of error.

Finally, we note that the amount awarded, $10,800, exceeded the $10,000 jurisdictional limit of the municipal court. R.C. 1901.17. Therefore, we vacate said judgment and we enter the judgment that the trial court should have entered, $10,000, pursuant to App. R. 12(B). We remand the cause to the trial court for a determination of how the reduction should be divided between the trebled damages and the award of attorney fees. In all other respects the judgment is affirmed.

*Judgment accordingly.*

BLACK, P.J., DOAN and KLUSMEIER, JJ., concur.