OPINION
{¶ 1} Defendants-appellants, American Truck Driving Academy, Thomas Dillon, and Adam Dillon, appeal the judgment from the Columbiana County Municipal Court, Southwest Division, awarding plaintiff-appellee, DRB (a.k.a. Donald R. Brothers) Properties, $3,215.30, plus interest.
 {¶ 2} Appellants and appellee entered into a lease agreement for a term of twelve months beginning on September 15, 2002, and ending on September 14, 2003, for a monthly fee to be paid by appellants in the amount of $1,500, plus a one time security deposit fee of $1,500. In the beginning of August 2003, appellants notified appellee that appellants would be vacating the premises before the end of the lease. During this same conversation, both parties discussed August's (the last) rental payment, which had not been made, and agreed that appellee would keep the security deposit in lieu of the last rent payment still owed by appellants.
 {¶ 3} While appellants were vacating the premises, they had backed a truck up to the front door to load the contents of the premises. While it is not known exactly how it happened, it is known that the trailer on the truck caught the awning, damaging it. The awning itself is sixty feet long, running from one end of the building to the other, and is approximately twenty years old. The section that appellants admit to damaging is located approximately one third of the way towards the center from the right.
 {¶ 4} Appellants and appellee discussed the damage that had occurred, and it was presented to appellants that the cost of repair was $3,215.30. This cost covered replacing the bent support beams of the awning and replacing the entire sixty foot long material for the awning. Appellant, Thomas Dillion, refused as he discovered that it was possible to replace only an eight to ten foot part of the damaged material. However, the material may or may not have matched the remaining material since it was 20 years old.
 {¶ 5} On November 1, 2003, appellee filed a complaint against appellants in the Columbiana County Municipal Court, seeking $3,000 for past rent due and the cost to replace the awning. At the hearing held on June 25, 2004, the primary issue for the trial court was whether appellants should be responsible for replacing the entire piece of material and beams at a cost of $3,215.30, or replace only the damaged material and beams at an approximate cost of $1,000.
 {¶ 6} On August 11, 2004, the trial court found that appellants' security deposit credit set off the amount due to appellee for rent still owed. The trial court further found that only the damaged portion of the awning could be repaired. Additionally, the court found that "as between the innocent Plaintiff/property owner and the negligent Defendants/tenant, it would be inequitable to require the innocent owner (Plaintiff) to accept a mismatched awning." Accordingly, the trial court awarded appellee $3,215.30. This appeal followed.
 {¶ 7} Appellants present two assignments of error, but for logical clarity the second one will be addressed before the first.
 {¶ 8} Appellants' second assignment of error states:
 {¶ 9} "The trial court erred when it awarded DRB Properties more than $3,000 in damages."
 {¶ 10} Appellants correctly argue that R.C. 1925.02 limits the amount that can be awarded in a small claims case to $3,000. R.C. 1925.02(A)(1) states that "Except as provided in division (A)(2) of this section, a small claims division * * * has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding three thousand dollars, exclusive of interest and costs."
 {¶ 11} In Dechellis v. Rakoff (Sept. 26, 2001), 7th Dist. No. 00-C.A.-156, this Court dealt with a similar issue when the county court awarded a plaintiff $4,100. This amount was $1,100 more than both what the plaintiff was seeking and the authorized monetary limit of the court. In a case of first impression, theDechellis court analyzed this issue as follows:
 {¶ 12} "R.C. § 1925.02(A)(1) limits small claims actions to amounts not exceeding $3,000.00, exclusive of costs and interests. Our research has not uncovered any cases, reported or unreported, elaborating on the consequences of a small claims court exceeding its dollar limit. There are a number of cases which require dismissal, without prejudice, of a claim made in municipal court where the complaint on its face exceeds the jurisdiction of the court. State ex rel. National Employee Ben.Services, Inc. (1990), 49 Ohio St.3d 49, 50; Grossman v.Mathless Mathless (1993), 85 Ohio App.3d 525, 528. In the instant case the complaint states that Appellee borrowed $4,100.00, but that she only sought relief for $3,000.00 of that amount. We do not view Appellee's complaint, on its face, as exceeding the monetary limits of the small claims court.
 {¶ 13} "* * *
 {¶ 14} "R.C. § 1925.02(A)(1) does not allow a small claims court to award more than $3,000.00, excluding interest and costs. Nevertheless, the small claims jurisdictional statute does not address the situation which occurred in the instant case. In contrast, the jurisdictional statute for municipal courts, R.C.1901.22(F), specifically contemplates a scenario in which a judgment exceeds the monetary limits of the court, and provides the following solution:
 {¶ 15} "`When the amount due either party exceeds the sum for which a municipal court is authorized to enter judgment, such a party may in writing remit the excess and judgment shall be entered for the residue.'
 {¶ 16} "There is no similar provision in either the small claims or county court jurisdictional statutes.
 {¶ 17} "It is obvious that the * * * Judgment Entry exceeded the jurisdiction of the small claims court. It is apparent from Appellee's original complaint that she was aware that her claim might be worth more than the jurisdictional limit of the court. Under the circumstances, the trial court should have simply awarded Appellee the maximum award. See White v. Kent (1988),47 Ohio App.3d 105, 107. Pursuant to App.R. 12(B), we hereby modify the judgment of the trial court to conform to the jurisdictional limits of that court."
 {¶ 18} In this case, appellants' complaint only sought $3,000 which is within the statutory limit. Therefore, the municipal court still had jurisdiction to hear the case. However, the trial court did not have jurisdiction to award more than the statutory limit of $3,000. Appellants, as in Dechellis, knew that they had a claim that was larger than the jurisdictional limit of the municipal court, but still sought relief in the trial court for the statutory limit. Appellants chose to pursue this claim in municipal court at a cost of $83, rather than incur the larger expense of $200 to file a complaint in the Court of Common Pleas, in order to seek a judgment of more than $3,000.
 {¶ 19} Accordingly, appellants' second assignment of error has merit and the trial court's judgment is hereby modified to $3,000.00.
 {¶ 20} Appellants' first assignment of error states:
 {¶ 21} "The trial court erred when it awarded damages for the costs of a completely new awning, rather than the diminution and fair market value or the cost of repair."
 {¶ 22} Appellants argue that the trial court erred by not awarding that amount of damages that would compensate appellees for the injury that was caused to a portion of the awning, and instead awarded appellees the cost of replacement for the entire awning. Appellants state that the trial court should have awarded the difference in the market value of the property immediately before and immediately after the injury, as this is the proper measure of damages for personal property. However, at first glance the injury caused to appellee's awning seems to be that of real property. Nonetheless it may be able to be removed, therefore not a fixture of real property. The awning of this structure must first be classified as either real property or personal property to determine if appellants' argued the correct measure for determination of damages.
 {¶ 23} R.C. 5701.02 and 5701.03 are the only places in the Ohio Revised Code that define real and personal property. Although these statutes are for the purpose of the taxation chapter, they are broad enough to apply in this civil action. R.C. 5701.02 defines real property as:
 {¶ 24} "(A) `Real property,' `realty,' and `land' include land itself, whether laid out in town lots or otherwise, all growing crops, including deciduous and evergreen trees, plants, and shrubs, with all things contained therein, and, unless otherwise specified in this section or section 5701.03 of the Revised Code, all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto * * *.
 {¶ 25} "(C) `Fixture' means an item of tangible personal property that has become permanently attached or affixed to the land or to a building, structure, or improvement, and that primarily benefits the realty and not the business, if any, conducted by the occupant on the premises."
 {¶ 26} A fixture can also be classified as a business fixture and therefore, personal property. A business fixture is defined under R.C. 5701.03 as:
 {¶ 27} "(B) `Business fixture' means an item of tangible personal property that has become permanently attached or affixed to the land or to a building, structure, or improvement, and that primarily benefits the business conducted by the occupant on the premises and not the realty. `Business fixture' includes, but is not limited to, machinery, equipment, signs, storage bins and tanks, whether above or below ground, and broadcasting, transportation, transmission, and distribution systems, whether above or below ground. `Business fixture' also means those portions of buildings, structures, and improvements that are specially designed, constructed, and used for the business conducted in the building, structure, or improvement, including, but not limited to, foundations and supports for machinery and equipment. `Business fixture' does not include fixtures that are common to buildings, including, but not limited to, heating, ventilation, and air conditioning systems primarily used to control the environment for people or animals, tanks, towers, and lines for potable water or water for fire control, electrical and communication lines, and other fixtures that primarily benefit the realty and not the business conducted by the occupant on the premises."
 {¶ 28} The evidence in this case establishes that the awning is real property. The awning has been attached or affixed to the building. The awning was attached to be a permanent fixture considering that it has been on the building for twenty years. While this building is used for commercial purposes, the awning itself does not seem to benefit the business conducted by the occupant, but rather benefits the building itself. There were no signs or lettering placed upon the awning. It does not appear that anything was ever affixed to the awning for the benefit of the occupants, instead of the realty. Nevertheless, if signage was attached to the awning, it was somehow removable, therefore, making only the signage personal property, while the awning still remains real property. The awning is a permanent fixture of the building that benefits the realty and not the occupant and, therefore, is considered real property.
 {¶ 29} Since appellants argue that the trial court used the wrong measure of damages for personal property, but in fact the awning is real property, appellants' arguments are moot.
 {¶ 30} The general rule for measuring damages to real property is found in Ohio Collieries Co. v. Cocke (1923),107 Ohio St. 238, 140 N.E. 356, paragraph five of the syllabus. Under this rule, if the injury is of a permanent or irreparable nature, the owner of the property is entitled to recover, "the difference in the market value of the property as a whole, including improvements thereon, before and after the injury." Id. If the damage is reparable, that is, the property can be restored, "the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the measure." Id.
 {¶ 31} In this case, the injury was not permanent or irreparable. In fact, it was temporary in that the damage could be fixed by appellants paying for the repairs. The cost of restoration to the awning was reasonable considering that to replace only a section of the awning would make it appear to be mismatched. The trial court was reasonable to award appellee the cost for the entire replacement of the material. The condition of the awning before the injury consisted of one complete shade of burgundy with a gray stripe; while if allowed to only repair a portion, would result in the awning being two different shades of burgundy, and possibly two different shades of gray. As the trial court concluded, it would be unreasonable to allow the negligent appellant to only pay for a portion of the awning because this would not have restored it to the condition it was in before the damage.
 {¶ 32} Accordingly, appellant's first assignment of error is without merit.
 {¶ 33} For the foregoing reasons, we sustain appellant's second assignment of error in part and hereby modify the August 11, 2004 judgment pursuant to App.R. 12(B). Accordingly, we enter judgment in favor of appellee for $3,000.00, plus interest and costs. Appellant's first assignment of error is overruled.
Vukovich, J., concurs.
DeGenaro, J., concurs.