HUNT

v.

**WESTLAKE CITY SCHOOL DISTRICT BOARD OF EDUCATION.**

[Cite as *Hunt v. Westlake City School Dist. Bd. of Edn.* (1996), 114 Ohio App.3d 563.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70190.

Decided Sept. 24, 1996.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala* and *Shawn C. Groff*, for relator.

*Ulmer & Berne* and *William J. Gagliano*, for respondent.

Patricia Ann Blackmon, Presiding Judge.

Frances Hunt, relator, is seeking a writ of mandamus to enforce the appellate judgment of this court rendered in *Hunt v. Westlake City School Dist.* (1995), 100 Ohio App.3d 233, 653 N.E.2d 732. For the reasons that follow, we decline to issue the writ and, accordingly, enter judgment for respondent, the Westlake City School District Board of Education ("board").

A chronology of events, including stipulated facts of the parties, which led to the filing of this action is as follows. For both semesters of the 1990–1991 school year, Hunt was a certificated teacher employed by the board as a long-term substitute teacher. The board did not renew relator's contract for the following school year. Hunt filed grievances with the board, and the board responded by offering Hunt the opportunity to substitute-teach on an as-needed basis. Relator apparently agreed to this offer but was not called upon to substitute-teach.

In March 1992, relator and the Westlake Teachers Association filed suit in the Cuyahoga County Common Pleas Court against the board and school principal. They alleged several causes of action, including the failure of the board to properly notify Hunt of its decision to not renew her long-term substitute-teaching contract. Hunt sought reinstatement, back pay and other damages. The trial court ultimately rendered judgment for the board on all claims.

Hunt appealed to this court. On December 22, 1994, in a two-to-one majority opinion, this court concluded as follows:

"[W]e conclude that the board failed to give Hunt proper notice of its intention not to reemploy her, failed to hold a proper statutory hearing, and failed to give Hunt proper notice of any ultimate decision by the board. Thus, by application of the Supreme Court's recent pronouncement in *Kiel v. Green Local School Dist. Bd. of Edn.*, supra [(1994), 69 Ohio St.3d 149, 630 N.E.2d 716], Hunt must be deemed reemployed. Therefore, we reverse the lower court as to the assignments of error set forth above, and we order that the board reinstate Hunt and award her all compensation and benefits which she has lost as a result of the unlawful nonrenewal of her contract. Further, in light of this determination, plaintiffs' remaining assignments of error are moot, and we will not address them. App.R. 12(A)." *Hunt v. Westlake City School Dist.* (1995), 100 Ohio App.3d 233, 244, 653 N.E.2d 732, 739 (announced December 22, 1994).

The board applied for reconsideration and/or clarification on December 30 pursuant to App.R. 26(A). The board requested this court to reconsider its decision and affirm the judgment of the trial court or, at a minimum, to withdraw the order of reinstatement. Alternatively, the board requested clarification of the type of position to which Hunt was ordered reinstated and the rate of

compensation and benefits (less setoffs) to be awarded. This court, in a two-to-one ruling, ordered as follows:

"It is hereby ordered that appellees' application for reconsideration is denied. Appellees' motion for clarification is hereby granted. This court's journal entry and opinion [announced] December 22, 1994 is clarified in that appellee Francis Hunt is to be reinstated to the position of long-term substitute teacher for the Westlake City School District at the appropriate level of pay. Award of back pay is to reflect appellee Francis Hunt's appropriate pay level as a long-term substitute teacher."

On January 17, 1995, pursuant to App.R. 26(A), Hunt applied to this court for reconsideration and/or clarification of the January 10 clarification ruling. Hunt requested this court to order that she be reinstated with a regular teacher's contract and be awarded back pay for not only the 1991–1992 school year but for all subsequent school years. This court denied Hunt's application.

Hunt appealed to the Supreme Court of Ohio seeking a review of the appellate judgment and the reconsideration and/or clarification rulings of this court. The Supreme Court on May 31, 1995, declined jurisdiction to hear Hunt's appeal. (1995), 72 Ohio St.3d 1527, 649 N.E.2d 837.

By letter dated June 9, 1995, which is Exhibit 8 to the Stipulation of Facts, the board deemed Hunt reinstated for the 1991–1992 school year as a long-term substitute teacher, tendered her the compensation and benefits she lost for not being employed that year, and offered Hunt for the 1995–1996 school year the choice of a long-term substitute-guidance position or a casual-substitute teaching position with compensation equivalent to that of a long-term substitute teacher. The letter included a check payable to Hunt in the amount of $8,837.45 with an explanation of how that amount was calculated. In sum, as indicated in Exhibit 8 to the Stipulation of Facts, the board calculated the back-pay award for the 1991–1992 school year as a long-term substitute teacher as follows:

| | | |
|---|---|---|
| "TOTAL PAY | $21,441.27 | |
| "LESS EARNINGS ELSEWHERE | $ 2,000.00 | |
| "LESS UNEMPLOYMENT COMPEN-SATION | $ 7,247.00 | |
| "ADJUSTED GROSS | $12,184.27 | |
| "ADJUSTED GROSS | $12,184.27 | |
| "FEDERAL TAXES | $ 960.00 | |
| "STATE TAXES | $ 243.69 | |
| "CITY TAXES | $ 168.14 | |
| "STATE TEACHERS RETIREMENT SYSTEM (STRS) | $ 1,798.32 | = = = > Based on 9.25% of $21,441.27 less $2,000 EARNED ELSEWHERE |

| "MEDICARE | $ 176.67 |
| "TOTAL DEDUCTIONS | $ 3,346.82 |
| "NET PAY | $ 8,837.45 |

"THE SCHOOL DISTRICT WILL CONTRIBUTE 14% OF $19,441.27 TO STRS FOR CREDIT FOR THE 91–92 SCHOOL YEAR."

By letter dated July 10, 1995, Hunt, through counsel, declined the offer and tender of the board as full and final settlement of the case. As it appears in Exhibit 10 to the Stipulation of Facts, counsel for Hunt stated:

"First, Ms. Hunt is disinclined to accept reinstatement under the terms outlined in your June 9, 1995 letter. The positions you offer in your reinstatement proposal are, in our opinion, not appropriate in light of the Court of Appeal[s'] decision. Second, your tender of Eight Thousand Eight Hundred Thirty–Seven Dollars and forty-five cents ($8,837.45) in full satisfaction of the judgment granting Ms. Hunt back pay and benefits also must be rejected. We believe that Ms. Hunt is entitled to compensation for years subsequent to the 1991–1992 school years. As I am sure you are aware, Ms. Hunt received no notice of intent to nonrenew her teaching contract from the Board for those subsequent school years."

After some additional correspondence between the parties, Hunt filed this mandamus action. She is seeking a writ of mandamus, first, to enforce a judgment and, second, to enforce a judgment as interpreted by her. In order for this court to issue the extraordinary writ of mandamus, we "must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus. If an adequate remedy at law is available to obtain the requested relief, the writ of mandamus will not be issued. R.C. 2731.05; *State ex rel. Wolfe v. Close* (1990), 50 Ohio St.3d 268, 553 N.E.2d 668.

In her brief on the merits and in her supplemental brief ordered by this court on the issue of whether an adequate remedy was or is available, relator states in a conclusory manner that it is "well settled law in Ohio" that the writ of mandamus is the proper tool to enforce a judgment against a public body and that *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 637 N.E.2d 325, supports this proposition. In *Shimola,* however, the Supreme Court of Ohio issued a writ of mandamus to compel the satisfaction of judgments owing to relator because R.C. 2744.06(A) specifically exempted the city from normal execution proceedings for judgments against it in tort cases. The immunity from attachment, according to R.C. 2744.06(A), is available to political subdivisions for judgments rendered against them in civil cases for the recovery of damages for

injury, death, or loss to persons or property in tort actions. This same immunity from execution on judgments in tort cases provided by R.C. 2744.06 is expressly unavailable to political subdivisions pursuant to R.C. 2744.09 in civil actions involving employment relationships, contractual liability, and other nontort lawsuits. The result in *Shimola,* that is, the use of mandamus to enforce a judgment, appears to be more of an exception rather than the well-settled rule.[1]

The use of mandamus to enforce a judgment is not popular and widespread because other avenues of enforcement are readily available. For example, when the Supreme Court of Ohio remands a judgment to this court for execution, this court has jurisdiction to entertain a motion for an order against an offending party to show cause why the offender should not be held in contempt for noncompliance with the judgment of the Supreme Court. *Roberts v. Montgomery* (1927), 117 Ohio St. 400, 159 N.E. 475, paragraph two of the syllabus. Likewise, when this court remands a judgment to the common pleas court for execution, the common pleas court has jurisdiction to entertain execution proceedings. App.R. 27; Civ.R. 69, 70; R.C. Chapters 2327 (execution generally), 2329 (execution against property), 2331 (execution against the person).

The judgment in *Hunt v. Westlake City School Dist.* (1995), 100 Ohio App.3d 233, 653 N.E.2d 732, contained the following mandate:

"It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.

"A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure."

The Common Pleas Court of Cuyahoga County thus acquired jurisdiction to enforce the judgment of this court. Relator has not demonstrated the inadequacy of any of the common or usual show cause and/or enforcement proceedings readily available to her in the common pleas court. Consequently, we are not convinced that mandamus is appropriate under the circumstances, and we decline to issue the writ to compel compliance with an appellate judgment in this case.

Moreover, even if mandamus were appropriate to enforce a judgment under the circumstances, we could not issue a writ to enforce the judgment as

---

1. The Supreme Court of Ohio in *State ex rel. Donaldson v. Alfred* (1993), 66 Ohio St.3d 327, 612 N.E.2d 717, issued a writ of mandamus to enforce a court-funding order issued by the Shaker Heights Municipal Court against the city of Shaker Heights. The special circumstances of court funding, which are not present in the instant case, warranted the extraordinary action.

interpreted and/or expanded by relator. Many of the arguments of relator go to the substance of the judgment award itself rather than just to enforcement of the judgment. Issues already brought to the attention of this court and decided by this court in its appellate capacity cannot be relitigated in this court utilizing its original jurisdiction to obtain extraordinary relief. See *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 248–249, 594 N.E.2d 616, 619–620; *State ex rel. Bargar v. Ross* (1978), 53 Ohio St.2d 18, 7 O.O.3d 62, 371 N.E.2d 841. For example, this court in its appellate capacity on January 24, 1995, denied Hunt's specific request for back pay for years subsequent to the 1991–1992 school year. The Supreme Court of Ohio declined to hear relator's appeal of this issue. Hunt cannot now challenge or collaterally attack the substance of the appellate ruling through mandamus. In other words, even if mandamus were available to enforce the appellate judgment,[2] mandamus would not be available to clarify or reopen and litigate the issue of damages in the appellate reinstatement case.

Accordingly, the writ of mandamus is denied, and judgment is rendered for respondent. Costs to relator.

*Writ denied.*

MATIA and O'DONNELL, JJ., concur.

---

**2.** Although not specifically expressed by this court in its appellate judgment, since Hunt's action was not decided as an employment discrimination case, see, *e.g., Ohio Civ. Rights Comm. v. David Richard Ingram, D.C., Inc.* (1994), 69 Ohio St.3d 89, 630 N.E.2d 669, the current state of the law provides for the deduction of unemployment benefits from back-pay awards: *State ex rel. Guerrero v. Ferguson* (1981), 68 Ohio St.2d 6, 22 O.O.3d 98, 427 N.E.2d 515; *Mers v. Dispatch Printing Co.* (1988), 39 Ohio App.3d 99, 529 N.E.2d 958. The current state of the law also provides for postjudgment interest: R.C. 1343.03(A); *State ex rel. Tavenner v. Indian Lake Local School Dist. Bd. of Edn.* (1991), 62 Ohio St.3d 88, 578 N.E.2d 464.