JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant-appellant, Vowana Butler ("Butler"), appeals pro se from the order of the Garfield Heights Municipal Court, Small Claims Division, that awarded judgment in favor of plaintiffs-appellees, Melvin and Tameka Galloway, in the amount of $4,362.60 plus costs and interest at a rate of 8% per annum from the date of judgment. For the reasons that follow, we affirm the judgment in favor of appellees but modify the monetary award by reducing it to the jurisdictional limit of the small claims court.
 {¶ 3} The Galloways filed a complaint in the small claims division of the Garfield Heights Municipal Court against Butler for "nonpayment of rent, late fees, and damages" to their property during her tenancy there. The Galloways sought $3,000 exclusive of costs and interest. (R. 2.) Beyond the court's judgment entry, the record contains plaintiffs' exhibit dated January 16, 2008, that itemizes work to be performed at 4669 E. 85 Street, Garfield Heights, Ohio 44125, on behalf of Melvin Galloway, totaling $2,660. The judgment entry provides in relevant part as follows:
 {¶ 4} "This matter came on for trial, pursuant to Notice and Order, on a Small Claims Complaint. All Plaintiffs were present * * * in Court. All Defendant(s) were present * * * in Court. The Court finds that all Defendant(s) were duly served with Summons according to law. *Page 4 
 {¶ 5} "* * *
 {¶ 6} "[x] 3. Upon sworn testimony and evidence presented, judgment is granted in favor of Plaintiff(s) and against Defendant(s), jointly and severally, in the amount of $4,362.60, plus costs incurred herein and interest at a rate of 8% per annum from the date of this judgment. Execution may issue.
 {¶ 7} "* * *
 {¶ 8} "[x] 10. This Judgment Entry constitutes a final appealable order."
 {¶ 9} The record does not contain any further facts relative to this appeal.
 {¶ 10} Butler now appeals, raising two assignments of error for our review.
 {¶ 11} "I. The trial court erred where it over the appellant's request after its decision refused or failed to make findings of fact and conclusions of law as to its reason for its decision."
 {¶ 12} In her brief, Butler claims that she requested the trial court make findings of fact and conclusions of law before the entry of the court's decision. Butler does not point to the location of any such request in the record, nor have we found one.
 {¶ 13} Butler relies on Civ. R. 53(D)(3)(a)(ii); however, that rule pertains to magistrate's decisions, not judgments entered by the court. In this case, the matter proceeded to trial before the court without a jury, which implicates Civ. R. 52.
 {¶ 14} Civ. R. 52 provides in relevant part: *Page 5 
 {¶ 15} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law." (Emphasis added.)
 {¶ 16} The purpose of findings of fact and conclusions of law is to enable a proper appellate review. Fox v. Fox (July 15, 1993), Cuyahoga App. No. 62454, citing In re adoption of Gibson (1986),23 Ohio St.3d 170, 174; see, also, Naso v. Daniels (1964), 8 Ohio App.2d 42.
 {¶ 17} The trial court did not err by entering a general judgment because there was not a timely written request for findings of fact and conclusions of law. Civ. R. 52.
 {¶ 18} "In the absence of findings of fact and conclusions of law, a reviewing court would presume regularity in the trial below and assume the trial court followed the proper application of the rules of evidence and procedure in arriving at the decision. See Cox v. Cox (1929), 34 Ohio App. 192, 170 N.E. 592; Pettet v. Pettet (1988),55 Ohio App.3d 128, 562 N.E.2d 929." *Page 6 
 {¶ 19} Because there is some evidence in this record that would support the trial court's conclusion, we assume regularity and affirm the judgment in favor of the Galloways.
 {¶ 20} Assignment of Error I is overruled.
 {¶ 21} "II. The lower court erred in awarding damages beyond the monetary jurisdiction of the Small Claims Division."
 {¶ 22} R.C. 1925.02 limits the jurisdiction of the small claims division as follows:
 {¶ 23} "(A) (1) Except as provided in division (A)(2) of this section, a small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding three thousand dollars, exclusive of interest and costs."
 {¶ 24} Division (A)(2) does not apply to this action, which was commenced for nonpayment of rent, late fees, and damages.
 {¶ 25} The trial court awarded the Galloways an amount in excess of its jurisdictional limit. The trial court's award should not have exceeded the $3,000 jurisdictional limit. White v. Kent (1988),47 Ohio App.3d 105, 106; DRB Properties v. American Truck Driving Academy, Columbiana App. No. 04-CO-50, 2005-Ohio-6941, ¶ 10-18; Dechellis v.Rakoff (Sept. 26, 2001), Mahoning App. No. 00-C.A.-156; *Page 7 Chaney v. Davis (Sept. 18, 1996), Summit App. No. 17593; Maggio v.Maggio (June 22, 1994), Medina App. No. 2283-M.
 {¶ 26} Assignment of Error II is sustained and the trial court's judgment is hereby modified to $3,000 plus costs and interest.
Judgment affirmed in part, modified in part.
It is ordered that appellant and appellees shall each pay their respective costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and MELODY J. STEWART, J., CONCUR *Page 1