[Cite as *Cleveland v. Laborers Internal. Union Local 1099*, 2018-Ohio-161.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105378

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLANT

vs.

## LABORERS INTERNATIONAL UNION LOCAL 1099

DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-08-660660

**BEFORE:** McCormack, J., E.A. Gallagher, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** January 18, 2018

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Director of Law
City of Cleveland

Drew A. Carson
Austin Tyler Opalich
Assistant Law Directors
601 Lakeside Ave., Room 106
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Joseph J. Guarino
Basil William Mangano
Mangano Law Offices Co. L.P.A.
2245 Warrensville Center Rd., Suite 213
Cleveland, OH 44118

TIM McCORMACK, J.:

**{¶1}**   Plaintiff-appellant, the city of Cleveland appeals from the trial court's order of December 16, 2016, in which the trial court awarded Laborers' International Union of North America, Local Union No. 1099 ("Local 1099" or "the union") reasonable and demonstrable lost back pay in the amount of $309,797.86 following an arbitration award in favor of the union.   For the reasons that follow, we affirm.

Procedural History

**{¶2}**   Local 1099 is an organization whose workers maintain public parks and malls and other public areas.   In 2006, Local 1099 filed a grievance against the city, alleging that the city had violated the parties' collective bargaining agreement and prior settlement agreements by having a private contractor —   Downtown Cleveland Alliance ("DCA") and/or Block by Block — perform work traditionally performed by the union. In 2008, the arbitrator determined that the city did, in fact, violate its collective bargaining agreement and letter of understanding with Local 1099, and the arbitrator ordered the city to pay "reasonable and demonstrable lost back pay" to bargaining unit members.   The arbitrator retained jurisdiction for 60 days to resolve any issues arising from implementation of the award.[1]

**{¶3}**   Thereafter, the city appealed the arbitrator's decision by filing with the trial court a motion to vacate the arbitrator's award.   In its motion, the city argued that the

---

[1]   The arbitrator later extended this jurisdiction for another 60 days total, until June 27, 2008.

arbitrator relied on external law, in violation of the collective bargaining agreement ("CBA"), the arbitrator improperly modified the grievance, and the arbitrator incorrectly found the creation of the "Special Improvement District" created a subcontract between the city and DCA and/ or Block by Block. The city argued in the alternative that the trial court should hold its proceedings in abeyance in order for the city to address the purported back pay and overtime damages during the period of time in which the arbitrator retained jurisdiction over this matter.

{¶4} The union then filed an application to confirm the arbitrator's award. The union also filed a motion to strike the city's motion to vacate, stating that the city failed to serve upon the union a copy of the city's motion pursuant to R.C. 2711.13. In February 2009, the trial court denied the city's motion to vacate the arbitration award and it granted the union's motion to confirm the award. The city appealed. In December 2009, this court affirmed the decision of the trial court, finding that the city failed to comply with the procedural requirements of R.C. 2711.13 and, therefore, the trial court lacked jurisdiction to entertain the city's motion to vacate. *See Cleveland v. Laborers Internatl. Union Local 1099*, 8th Dist. Cuyahoga No. 92983, 2009-Ohio-6313.

{¶5} Following this court's 2009 decision, the union returned to the arbitrator with a request for a hearing on the back pay award. The parties agreed to submit briefs in lieu of an evidentiary hearing on back pay amounts, and the arbitrator agreed to accept the briefs for consideration. In May 2010, the union filed its brief on damages to the arbitrator, and the city filed a brief in opposition. In its opposition, the city challenged

the arbitrator's jurisdiction to issue a supplemental award on damages in light of the trial court's order of February 2009 confirming the arbitrator's initial award of "reasonable and demonstrable lost back pay."

{¶6} On March 27, 2013, approximately three years after Local 1099 filed its brief on damages, the arbitrator issued his decision, finding he lacked jurisdiction to issue an additional award. In doing so, the arbitrator determined he was rendered "functus officio" following issuance and confirmation of the initial award and stated as follows:

> As the confirmed award is final and thus unalterable, and the arbitrator functus officio, disputes as to whether remedies required under the award have been met are necessarily submitted to litigation if they cannot be grieved under the agreement. In any case, litigation of the present matter seems likely, irrespective of any additional remedy award issued by this arbitrator.

{¶7} On June 28, 2013, the union filed with the trial court a motion to show cause or alternative post-judgment motion to determine reasonable and demonstrable lost back pay. In its motion, Local 1099 requested the trial court issue an order requiring the city to show cause why it should not be found in contempt for refusing to pay "reasonable and demonstrable" back pay. Alternatively, the union requested the trial court, pursuant to Civ.R. 69, issue a post-judgment order setting the amount of "reasonable and demonstrable" back pay in the amount of $309,797.86.[2] The city responded, denying it

---

[2] The union also filed a motion to vacate the arbitrator's March 2013 award in Cuyahoga C.P. No. CV-13-809525, *Laborers' Local Union No. 1099 v. Cleveland*, to preserve this remedy. The record shows that the parties jointly agreed to stay the matter in Case No. CV-13-809525 pending the resolution of the case at hand.

was violating the arbitrator's decision, and it moved to dismiss the union's complaint for lack of jurisdiction.

{¶8} Three additional years later, on December 16, 2016, the trial court issued an order stating that it "reviewed the Laborer's Local 1099's motion to show cause or alternative post-judgment motion to determine reasonable and demonstrable lost back pay, briefs in opposition, various motions filed by both parties in furtherance of their arguments, exhibits, affidavits, and all pleadings," and it awarded the union $309,797.86 in "reasonable and demonstrable lost back pay" as well as prejudgment interest from May 23, 2006.

## Assignments of Error

{¶9} The city now appeals the trial court's 2016 decision, assigning two errors for our review:

I.   The trial court erred in awarding damages as it lacked jurisdiction to modify the underlying arbitration award.

II.   The trial court abused its discretion in awarding $309,797.86 in "reasonable and demonstrable lost back pay" as damages.

## Law and Analysis

{¶10} In its first assignment of error, the city contends that the trial court lacked jurisdiction to modify the arbitrator's award of "reasonable and demonstrable lost back pay" and therefore the court erred in awarding damages not stated in the arbitrator's initial award.   In support, the city cites to R.C. Chapter 2711 and argues that the trial court's awarded sum of $309,797.86 was an improper modification of the arbitrator's

award.  The city further argues that the trial court abused its discretion in awarding the back pay because (1) the union cannot show that the DCA performed services that have been "traditionally and exclusively" performed by members of Local 1099, and (2) the union cannot establish that its members lost wages and overtime opportunities because of the work performed by DCA.

{¶11} In response, the union contends that the trial court had jurisdiction to monetize the arbitrator's award of "reasonable and demonstrable" back pay as part of its February 2009 order confirming the arbitrator's award.   The union provides that the trial court's general jurisdiction under Civ.R. 69 to entertain execution proceedings supports its position.   The union further provides that the trial court's December 2016 award is supported by the evidence.

{¶12} Arbitration procedures are governed by R.C. Chapter 2711.   And R.C. 2711.09 through 2711.14 provide the only procedures for challenges to, or arguments in support of, an arbitrator's decision.   *Strnad v. Orthohelix Surgical Designs*, 8th Dist. Cuyahoga No. 94396, 2010-Ohio-6161, ¶ 23.   Once an arbitration is completed, the jurisdiction of the trial court is limited to confirmation, vacation, modification, or enforcement of the award, and only on the terms provided by the statute.   *Lockhart v. Am. Res. Ins. Co.*, 2 Ohio App.3d 99, 101, 440 N.E.2d 1210 (8th Dist.1981), paragraph two of the syllabus.

{¶13} R.C. 2711.09 governs the process of confirming an arbitration award:

At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

{¶14} "The purpose of [R.C. 2711.09] is to enable parties to an arbitration to obtain satisfaction of the award." *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 172, 480 N.E.2d 456 (1985). Therefore, when a timely motion is made under R.C. 2711.09 to confirm an arbitration award, the court must grant the motion, "unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." *Id.* at 174.

{¶15} Under R.C. 2711.10, a trial court may vacate an arbitration award, by application of any party, only under the following circumstances:

(A) The award was procured by corruption, fraud, or undue means.

(B) Evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

{¶16} R.C. 2711.11 provides similarly limited conditions upon which a trial court may, upon application of any party, modify or correct an arbitration award:

(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

(C) The award is imperfect in matter of form not affecting the merits of the controversy.

{¶17} Thus, the trial court's jurisdiction to review an arbitration award is "narrow and limited." *Warren Edn. Assn.,* 18 Ohio St.3d at 173, 480 N.E.2d 456. And a trial court is precluded from examining the actual merits upon which the arbitrator based his or her award. *See Motor Wheel Corp. v. Goodyear Tire & Rubber Co.*, 98 Ohio App.3d 45, 51, 647 N.E.2d 844 (8th Dist.1994).

{¶18} Likewise, appellate review of arbitration proceedings is confined to those orders the trial court has issued pursuant to R.C. Chapter 2711, and the substantive merits, or the original arbitration award, are not reviewable on appeal. *Lockhart*, 2 Ohio App.3d at 101, 440 N.E.2d 1210. "The agreement to submit to arbitration describes the issues and defines the perimeters of the arbitration tribunal's powers with respect to them. When

the submitted issues are decided, the arbitrators' powers expire. Thus, a second award on a single, circumscribed submission is a nullity." *Id.* at 101-102; *Reynoldsburg City School Dist. Bd. of Edn. v. Licking Hts. Local School Dist. Bd. of Edn.*, 10th Dist. Franklin No. 08AP-415, 2008-Ohio-5969, ¶ 22.

{¶19} Here, the arbitrator determined in February 2008 that the city had a relationship with the private contractor, DCA and/or Block by Block, the services included work traditionally performed by the union, and the city did not give the union an opportunity to submit an alternative proposal, in violation of the parties' CBA, and the arbitrator awarded the union "reasonable and demonstrable lost back pay." This award, in totality, was confirmed by the trial court, upon the union's application, and later affirmed by this court. *See Cleveland*, 8th Dist. Cuyahoga No. 92983, 2009-Ohio-6313. Because the submitted issues had been decided — by the arbitrator, the trial court, and the court of appeals — the arbitrator's powers had expired. Therefore, the arbitrator was correct when he declined to revisit his award of "reasonable and demonstrable lost back pay" after this court affirmed the trial court's order confirming the arbitrator's award.

{¶20} As a result of this court's decision in 2009, and the arbitrator's lack of jurisdiction to review its initial award, the parties are bound by the arbitrator's determination that the city violated the parties' CBA and the union is due "reasonable and demonstrable lost back pay." Unfortunately, an award for "reasonable and demonstrable lost back pay" lacks a specific dollar amount and is therefore unenforceable as awarded.

**{¶21}** We find that the trial court's award of a sum certain, $309,797.86, was a proper and necessary exercise of the court's enforcement powers.

**{¶22}** It is well established that trial courts have inherent power to interpret and enforce its own judgments. *Mike McGarry & Sons, Inc. v. Marous Bros. Constr., Inc.*, 11th Dist. Lake No. 2011-L-001, 2011-Ohio-6859, 23, citing *Armco, Inc. v. United Steelworkers of Am.*, 5th Dist. Richland No. 2002CA0071, 2003-Ohio-5368, ¶43; *Howard v. Howard*, 10th Dist. Franklin No. 14AP-292, 2014-Ohio-5248, ¶ 15. Additionally, trial courts have the power to issue orders pursuant to the rules of civil procedure, and these orders necessarily "ensure that litigation progresses toward final resolution." *McCord v. McCord*, 10th Dist. Franklin Nos. 06AP-102 and 06AP-684, 2007-Ohio-164, ¶ 12. "Courts of general jurisdiction possess inherent power to do all things necessary to the administration of justice and to protect their own powers and processes." *Slabinski v. Servisteel Holding Co.*, 33 Ohio App.3d 345, 346, 515 N.E.2d 1021 (9th Dist.1986). Such power is "necessary to the orderly and efficient exercise of jurisdiction" and without which "no other [power] could be exercised." *Hale v. State*, 55 Ohio St. 210, 213, 45 N.E. 199 (1896).

**{¶23}** Importantly, a confirmed arbitration award has the effect of a judgment and can be enforced by the trial court. *Athens Cty. Commrs. v. Ohio Patrolmen's Benevolent Assn.*, 4th Dist. Athens No. 06CA49, 2007-Ohio-6895, ¶47. R.C. 2711.12 provides that "[u]pon the granting of an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding, the court must enter judgment in conformity

therewith." The judgment is then docketed "and in all respects has the same effect and is subject to all laws relating to a judgment in an action and may be enforced as if rendered in an action in the court in which it is entered." *Champion v. Kraftmaid Cabinetry, Inc.*, 190 Ohio App.3d 202, 2010-Ohio-5398, 941 N.E.2d 124 (11th Dist.).

**{¶24}** This court previously denied mandamus where we found that a teacher had other avenues of enforcement available concerning her award of back pay in *Hunt v. Westlake City School Dist. Bd. of Edn.*, 114 Ohio App.3d 563, 683 N.E.2d 803 (8th Dist.1996). In *Hunt*, the relator-teacher initially filed a cause of action against the board of education and the school principal, seeking reinstatement, back pay, and other damages. When the trial court rendered judgment for the board, Hunt appealed to this court, which reversed the trial court and awarded Hunt "'all compensation and benefits which she has lost as a result of the unlawful nonrenewal of her contract.'" *Id.* at 565, quoting *Hunt v. Westlake City School Dist.*, 100 Ohio App.3d 233, 244, 653 N.E.2d 732 (8th Dist.1995). The board ultimately tendered her compensation in an amount the board deemed appropriate, and Hunt declined the offer and filed an application seeking a writ of mandamus to enforce the appellate judgment of this court. *Id.* at 566-567.

**{¶25}** In denying mandamus, we found that Hunt's remedy remained with the trial court's general enforcement powers:

> The use of mandamus to enforce a judgment is not popular and widespread because other avenues of enforcement are readily available. For example, when the Supreme Court of Ohio remands a judgment to this Court for

execution, this Court has jurisdiction to entertain a motion for an order against an offending party to show cause why the offender should not be held in contempt for noncompliance with the judgment of the Supreme Court. * * * Likewise, when this Court remands a judgment to the Common Pleas Court for execution, the Common Pleas Court has jurisdiction to entertain execution proceedings.

*Id.* at 568, citing App.R. 27; Civ.R. 69, 70; R.C. Chapters 2327 (execution generally), 2329 (execution against property), 2331 (execution against the person). We therefore denied the writ, finding that the Cuyahoga County Common Pleas Court had "acquired jurisdiction to enforce the judgment of this court." *Hunt* at 568.

{¶26} Here, we have an arbitrator's award that has been confirmed, and pursuant to R.C. 2711.12, it has the effect of a judgment and can be enforced by the trial court. In considering Local 1099's motion to show cause or alternative post-judgment motion to determine "reasonable and demonstrable lost back pay," reviewing the parties' briefs and responses, examining the evidence, and awarding the union $309,797.86, the trial court did not improperly modify the arbitrator's award of "reasonable and demonstrable lost back pay." Rather, the court exercised its authority to issue orders pursuant to the rules of civil procedure and its inherent power to interpret and enforce a judgment of the court. Such action was necessary to provide meaning and effect to the judgment and ensure that litigation progresses toward final resolution. Without the court's order, the

arbitration award of "reasonable and demonstrable lost back pay" was meaningless and unenforceable.

**{¶27}** The city's first assignment of error is overruled.

**{¶28}** In its second assignment of error, the city argues that the trial court abused its discretion in awarding $309,797.86 in "reasonable and demonstrable lost back pay." In response, the union contends that the correct standard of review is whether some evidence exists in the record to support the trial court's ultimate conclusion. The union further contends that because the city failed to request findings of fact and conclusions of law pursuant to Civ.R. 52, it cannot now argue the trial court abused its discretion.

**{¶29}** Civ.R. 52 applies when a case proceeds to a bench trial:

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.

**{¶30}** The purpose of findings of fact and conclusions of law is to enable proper appellate review. *Galloway v. Butler*, 8th Dist. Cuyahoga No. 91256, 2008-Ohio-5352, ¶ 16, citing *Fox v. Fox*, 8th Dist. Cuyahoga No. 62454, 1993 Ohio App. LEXIS 3550 (July 15, 1993). The findings of fact and conclusions of law "aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment." *Werden v. Crawford*, 70 Ohio St.2d 122, 124, 435 N.E.2d 424 (1982). A party may file a Civ.R. 52 request for findings "'to ensure the fullest possible review.'"

*Redmond v. Wade*, 4th Dist. Lawrence No. 16CA16, 2017-Ohio-2877, ¶ 51, quoting

*Cherry v. Cherry*, 66 Ohio St.3d 348, 356, 421 N.E.2d 1293 (1981).

{¶31} In the absence of findings of fact and conclusions of law, a reviewing court would presume regularity in the trial below and assume the trial court followed the proper application of the rules in arriving at its decision. *Law Office of Natalie F. Grubb v. Bolan*, 11th Dist. Geauga No. 2010-G-2965, 2011-Ohio-4302, ¶ 26; *Larko v. Dearing*, 11th Dist. Ashtabula No. 2013-A-0007, 2013-Ohio-4304, ¶ 29 (where findings of fact were never requested, the reviewing court will presume the trial court "considered all relevant facts").

{¶32} As the Fifth District Court of Appeals explained:

> [W]hen separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with [its] judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence.
>
> The message should be clear: If a party wishes to challenge the * * * judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise his already "uphill" burden of demonstrating error becomes an almost insurmountable "mountain."

*Pettet v. Pettet*, 55 Ohio App.3d 128, 130, 562 N.E.2d 929 (5th Dist.1988).

{¶33} Thus, where there are no findings of fact, we must review the record to determine whether there is "some evidence" to support the trial court's decision. *Galloway,* 8th Dist. Cuyahoga No. 91256, 2008-Ohio-5352, at ¶ 19; *Bolan* at ¶ 26. And

where there is some evidence supporting the trial court's conclusion, "we assume regularity and affirm the judgment." *Galloway*.

**{¶34}** Here, the trial court reviewed the record to determine what constituted "reasonable and demonstrable lost back pay" — a factual determination. The city did not request findings and conclusions, and the trial court issued a general judgment in favor of the union. We therefore review the record for "some evidence" supporting the trial court's award of $309,797.86 in "reasonable and demonstrable lost back pay."

**{¶35}** Before entering judgment, the trial court considered the union's motion to show cause or alternative post-judgment motion to determine reasonable and demonstrable lost back pay, briefs in opposition, various motions filed by both parties, exhibits, affidavits, and "all pleadings." Considering this matter has been in litigation in some form or another since the union filed its initial grievance in 2006, the record is considerable.

**{¶36}** Specifically, the trial court considered the union's "damages brief" attached to the union's motion to show cause/post-judgment motion, which was initially prepared for the arbitrator's consideration and in lieu of an evidentiary hearing on "reasonable and demonstrable lost back pay." This brief identified documentation received in response to a subpoena served upon Block by Block, which included time cards of employees and/or volunteers who worked on public areas maintained by the city "from May 23, 2006 to present," payroll records of these workers, a list of all employees who worked on the

public areas, and "any documents describing where and what type of work the employees and/or volunteers performed."

**{¶37}** Additionally, on November 23, 2015, the union filed a notice of supplemental filings to its motion to show cause/post-judgment motion, which included Excel spreadsheets summarizing the payroll data produced by Block by Block, along with a CD containing all documents produced by Block by Block; arbitration transcripts from 2007 and 2008 concerning the initial grievance that contained evidence of the duties performed by Block by Block that was purportedly historically performed by Local 1099; and information from the Ohio Department of Taxation concerning how to calculate interest from 2006.

**{¶38}** These documents produced by Block by Block included the total number of hours the members of the Block by Block's "Clean Team" worked on public property owned or maintained by the city as 11,763.25 hours. They also included the hours the relevant members of the Clean Team worked during each applicable period: 3,818.75 hours in 2006; 5,544.50 hours in 2007; and 2,400 hours in 2008.

**{¶39}** Local 1099's damages brief also included the union's wage sheets, which contained the wages for bargaining unit classifications for 2006 through 2008. These wage sheets depict the straight time and overtime pay for the ground maintenance worker and the real estate maintenance worker for each of these years. For the ground maintenance worker, straight time is listed as $16.41 (2006), $16.75 (2007), and $17.09 (2008); and overtime pay is $24.61 (2006), $25.12 (2007), and $25.64 (2008). For the

real estate maintenance worker, straight time is listed as $17.25 (2006), $17.60 (2007), and $17.95 (2008); and overtime pay is $25.87 (2006), $26.40 (2007), and $26.93 (2008).

**{¶40}** Based upon our review of the record, including the documentation discussed above, we find there is "some evidence" in the record that demonstrates the work performed by Block by Block, the total number of hours that members of Block by Block worked, and the wages attributed to the relevant members of the union during the applicable time period. We therefore conclude that the trial court did not error in awarding Local 1099 "reasonable and demonstrable lost back pay" in the amount of $309,797.86, because there is "some evidence" supporting the trial court's determination. In presuming regularity in the trial court, as we must, we affirm the trial court's award.

**{¶41}** The city's second assignment of error is overruled.

**{¶42}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR